

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
January 19, 2022 03:22 PM
      PAVAN PARIKH
    Clerk of Courts
  Hamilton County, Ohio
 CONFIRMATION 1149900
```

**DARREN WARMAN**  A 2200202

vs.

**LIVANOVA DEUTSCHLAND GMBH**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

**PAGES FILED: 8**

EFR200

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **DARREN WARMAN** | : | CASE NO.:_____ |
| 7838 Joseph Street | : | |
| Cincinnati, Ohio 45231 | : | JUDGE: _____ |
| | : | |
| Plaintiff, | : | **COMPLAINT WITH JURY DEMAND** |
| v. | : | |
| | : | |
| **LIVANOVA DEUTSCHLAND GMBH** | : | |
| **(f/k/a SORIN GROUP** | : | |
| **DEUTSCHLAND GMBH)** | : | |
| Lindberghstrasse | : | |
| 25 Muenchen, 80939, Germany | : | |
| | : | |
| and | : | |
| | : | |
| **LIVANOVA USA, INC.** | : | |
| c/o Universal Registered Agents, Inc., | : | |
| Statutory Agent | : | |
| 3958-D Brown Park Drive | : | |
| Hilliard, Ohio 43026 | : | |
| | : | |
| and | : | |
| | : | |
| **LIVANOVA HOLDING USA, INC.** | : | |
| c/o Universal Registered Agents, Inc., | : | |
| Statutory Agent | : | |
| 3958-D Brown Park Drive | : | |
| Hilliard, Ohio 43026 | : | |
| | : | |
| and | : | |
| | : | |
| **TRIHEALTH, INC.** | : | |
| c/o OSAC, Inc., agent | : | |
| 100 S. Third Street | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| and | : | |
| | : | |
| **THE GOOD SAMARITAN** | : | |
| **HOSPITAL OF CINCINNATI, OHIO** | : | |
| c/o OSAC, Inc., agent | : | |
| 100 S. Third Street | : | |
| Columbus, Ohio 43215 | : | |

|            | :  |
|------------|----|
| **Defendants.** | : |
|            | :  |
|            | :  |

## PARTIES, VENUE AND JURISDICTION

Plaintiff, Darren Warman, for his Complaint against Defendants, states and alleges as follows:

1. Plaintiff is a resident of Hamilton County, Ohio.

2. Defendant LivaNova Deutschland GmbH (f/k/a Sorin Deutschland GmbH) is a foreign for-profit corporation headquartered in Munich, Germany. It designed, manufactured and marketed the Stockert 3t Heater-Cooler System.

3. Defendant LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.) is a U.S. designer, manufacturer, marketer and distributor of the Stockert 3T Heater-Cooler System with a principal place of business in Arvada, Colorado.

4. Defendant LivaNova USA, Inc. (f/k/a Cyberonics, Inc.) is a U.S. designer, manufacturer, marketer and distributor of the Stockert 3T Heater-Cooler System with a principal place of business in Houston, Texas.

5. Defendant TriHealth, Inc. is an Ohio corporation with its principal place of business in Hamilton County, Ohio. It is a supplier of the Stockert 3T Heater-Cooler System.

6. Defendant The Good Samaritan Hospital of Cincinnati, Ohio is an Ohio corporation with its principal place of business in Hamilton County, Ohio. It is a supplier of the Stockert 3T Heater-Cooler System.

7. Darren Warman's injuries occurred in Hamilton County, Ohio. Venue is proper in this Court.

8. This Court has personal jurisdiction over Plaintiff and Defendants.

2

9. This Court has subject matter jurisdiction over this matter as it involves a civil dispute and Plaintiff's claims exceed the minimum jurisdiction of this Court.

## BACKGROUND

10. Darren Warman underwent heart surgery at Good Samaritan Hospital in Cincinnati, Ohio in July 2015.

11. During his heart surgery, Darren Warman was exposed to bacteria from equipment in the surgical suite. Specifically, Darren Warman was exposed to mycobacterium chimaera from a Stockert 3T Heater-Cooler System used in the surgical suite.

12. The heater-cooler unit in the surgical suite was manufactured and sold by the Defendants LivaNova Deutschland GmbH, LivaNova Holding USA, Inc., and LivaNova USA, Inc. (the "LivaNova Defendants").

13. The heater-cooler unit in the surgical suite was installed, maintained and repaired by Defendants TriHealth, Inc. and The Good Samaritan Hospital of Cincinnati, Ohio. and the LivaNova Defendants.

14. The heater-cooler unit was defectively designed, manufactured, installed, maintained and repaired. These defects caused the heater-cooler unit to have bacteria escape the unit which was harmful and deadly to patients undergoing surgery where the heater-cooler unit was used.

15. As a result of his exposure to bacteria from the heater-cooler unit, Darren Warman developed an infection in his body.

16. Defendants knew that Darren Warman was at a risk of developing a severe infection as a result of being exposed to this bacteria.

17. Despite this knowledge, Defendants failed to warn Darren Warman of the risk of being exposed to bacteria during surgery.

18. Plaintiff was informed that he had been exposed to the bacteria by a letter from Defendant Trihealth, Inc. dated January 17, 2020, but not received by Plaintiff until after that date. *See* Exhibit A.

## CLAIM ONE – PRODUCT LIABILITY – DESIGN DEFECT BY LIVANOVA DEFENDANTS

19. The LivaNova Defendants improperly and defectively designed the heater-cooler units.

20. This claim is being brought pursuant to R.C. 2307.75.

21. It was foreseeable when the heater-cooler units left the hands of the LivaNova Defendants that the units would cause harm, or they were more dangerous than the ordinary consumer would expect.

22. As a proximate result of the improper and defective design of the heater-cooler units, Darren Warman was caused injury.

## CLAIM TWO – PRODUCT LIABILITY – MANUFACTURING DEFECT BY LIVANOVA DEFENDANTS

23. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 22 as if fully restated here.

24. The LivaNova Defendants improperly and defectively manufactured the heater-cooler units.

25. This claim is being brought pursuant to R.C. 2307.74.

26. The heater-cooler units were defective in their manufacture LivaNova Defendants as they deviated from their product specifications and performance standards, thereby creating the risk of harm to consumers.

27. As a proximate result of the improper and defective manufacture of the heater-cooler units, Darren Warman was caused injury.

### CLAIM THREE – PRODUCT LIABILITY – FAILURE TO WARN

28. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 27 as if fully restated here.

29. The LivaNova Defendants were aware of the defects and dangers of the heater-cooler units, specifically the possibility of infections in patients exposed to the heater-cooler units while undergoing cardiac surgery.

30. This claim is being brought pursuant to R.C. 2307.76.

31. The LivaNova Defendants failed to warn Darren Warman of the dangers of the heater-cooler units in a manner that a reasonable manufacturer or supplier would have done.

32. As a proximate result of the failure to wan Darren Warman of the defects and dangers of the heater-cooler units, Darren Warman was caused injury.

### CLAIM FOUR – PRODUCT LIABILITY – FAILURE TO CONFORM TO REPRESENTATIONS

33. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 32 as if fully restated here.

34. The LivaNova Defendants represented that the heater-cooler units were safe and effective for use in operating rooms.

35. This claim is being brought pursuant to R.C. 2307.77.

36. The heater-cooler units did not conform to the representations made by the LivaNova Defendants.

37. As a proximate result of the failure of the heater-cooler units to conform to the representations of the LivaNova Defendants, Darren Warman was caused injury.

### CLAIM FIVE – PRODUCT LIABILITY – NEGLIGENCE

38. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 37 as if fully restated here.

39. The LivaNova Defendants were negligent as manufacturers and suppliers of the heater-cooler units.

40. Defendants TriHealth, Inc. and The Good Samaritan Hospital of Cincinnati, Ohio were negligent as suppliers of the heater-cooler units.

41. This claim is being brought pursuant to R.C. 2307.78.

42. The negligence of the Defendants allowed deadly bacteria to escape from the heater-cooler units and infect Darren Warman.

43. The negligence of Defendants was the proximate cause of Darren Warman's injury.

### CLAIM SIX – PUNITIVE DAMAGES AGAINST DEFENDANTS

44. Plaintiff restates and realleges Paragraphs 1 through 43 of her Complaint as if fully restated herein.

45. Defendants acted with malice and in conscious disregard for Daren Warman.

46. Plaintiff is entitled to punitive damages against Defendants.

47. Plaintiff is entitled to recover his attorney's fees and expenses against Defendants.

WHEREFORE, Plaintiff, for his Complaint against Defendants, prays for relief in an amount in excess of the minimum jurisdictional limits of this Court on all his claims, punitive

damages, attorney's fees, and expenses incurred herein, and any and all further relief as this Court deems just and proper.

Respectfully submitted,

THOMAS LAW OFFICES PLLC

/s/ Louis C. Schneider
Louis C. Schneider (0076588)
Attorney for Plaintiff
250 East Fifth Street, Suite 440
Cincinnati, Ohio 45202
Telephone:    (513) 360-6480
Facsimile:    (502) 495-3943
lou.schneider@thomaslawoffices.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

/s/ Louis C. Schneider
Louis C. Schneider, Esq.

7